DORR (HATCH v.). See Case No. 6,206.

───

## Case No. 4,007.
### DORR v. HOYT.
[1 Hunt, Mer. Mag. (1840) 252.]

Circuit Court, S. D. New York.

CUSTOMS DUTIES—"TWIST."

[Twist, the component parts of which are goat or mohair and silk, and not adapted to the purpose of sewing silk, is not liable, under the act of March 2, 1833, to the payment of any duty.]

At law. This was an action brought by the plaintiff [Samuel F. Dorr], an extensive importer of French goods, against the defendant [Jesse Hoyt], the collector of the port of New York, to recover back the sum of $88.60, being the amount of duties charged on an importation of twist. These duties had been charged under the decision of the comptroller of the treasury of 1833, and the entry was made, and the duties levied, as upon sewing silk, at the rate of $2.28 per pound.

The plaintiff contended, that this particular article, twist, was not in itself silk, but that it was composed of goat or mohair and silk, and that it would not serve the same purpose as sewing silk, and that under the tariff it was provided, that articles of importation of which silk forms a component part, were free of duty; and it was farther contended, that, according to mercantile usage, twist was not sewing silk, under which class the duty had been claimed and exacted. The entry and payment of the duty, under protest, were admitted, and the plaintiff called a manufacturer of twist, who testified to the article being composed partly of goat or mohair, and partly of silk.

For the defence it was contended and appeared that, under the decision of the comptroller of the treasury of 1833, this article had

been entered as all goods of the like kind, and classified as sewing silk by the custom house authorities. On cross examination, however, of the defendant's witness, it came out that the component parts of the article twist, were as contended by the plaintiff.

Daniel Lord, Jr., for plaintiff.
B. F. Butler, for defendant.

Before BETTS, District Judge.

THE COURT said that all articles manufactured partly of silk, or of which silk was a component part, were entitled to be admitted free of duty. The custom house department had established, as it appeared by the testimony adduced in this case, a rule which the merchants had protested against, and this was a question for the jury to pass upon. The jury, without leaving their seats, found a verdict for the plaintiff for the amount claimed, namely, $88.60; thus sustaining the protest of the merchants, that twist is not liable to payment of duty.